The trial judge refused to allow parol evidence because he found the language in the settlement agreement to be unambiguous. When a party alleges mutual mistake, the task of the trial court should not be to interpret the language of the contract, but to determine whether the contract was valid. In order for a contract to be valid, there must be a meeting of the minds, which cannot exist if there is a mutual mistake. The fact that the settlement agreement is couched in unambiguous terms, or that the parties knew what words were used and were aware of their ordinary meaning, or that the parties were negligent in failing to discover the mistake before signing the instrument, should not preclude the admission of parol evidence. Where a mutual mistake of fact is alleged, or where fraud is alleged, parol evidence should be admissible to show the true intent and understanding of the parties.
 "It is practically the universal rule that in suits to reform written instruments on the ground of fraud or mutual mistake, parol evidence is admissible to establish the fact of fraud or of a mistake and in what it consisted, and to show how the writing should be corrected in order to conform to the agreement or intention which the parties actually made or had. The nature of the action is such that it is outside the field of operation of the parol evidence rule, since the court does not receive parol testimony to vary the contract of the parties but to show what their contract really was. If the rule were otherwise and parol evidence was not admissible in an action for reformation, a rule adopted by the courts as a protection against fraud and false swearing — that is, the parol evidence rule — would become the instrument of the very fraud it was designed to prevent, and the reformation or correction of a written instrument would rarely, if ever, be accomplished. Evidence of fraud or mistake is seldom found in the instrument itself, and unless the parol evidence may be admitted for the purpose of procuring its reformation, the aggrieved party would have as little hope of redress in a court of equity as in a court of law. Moreover, a general merger clause in a written contract, to the effect that it expresses the entire agreement and that no asserted extrinsic representations are binding, will not, of itself, bar parol evidence for the purpose of reforming the instrument on the ground of mistake." *Page 896 
66 Am.Jur. 2d Reformation of Instruments § 118 (1973) (citations omitted).
I find persuasive Beck v. Reynolds, 903 P.2d 317 (Okla. 1995). InBeck, a patient had released his medical-malpractice claims against his physician after settling with the physician's insurer for the limits of the physician's liability policies. Both parties understood that the settlement was for $201,000 — which they understood to be the combined policy limits of the physician's two insurance policies. The patient filed a "motion to compel settlement," requesting a judgment against the insurer for $900,000 after learning that the actual limit of one of the policies was $1,000,000. The Oklahoma Supreme Court held that no mutual consent had existed to support the settlement between the patient and the physician's insurer, because, given the mutual mistaken of fact, there had been no meeting of the minds.
Therefore, I dissent.